UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY DAVID JONES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 17-cv-1248-JBM |
| | ) |
| DR. ANDREW TILDEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action for deliberate indifference to his serious medical needs at the Pontiac Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff had a pre-existing back injury dating back to 2014. He claims that his back injury made it difficult for him to climb to the top bunk in his cell. On June 22, 2016, Plaintiff met with Defendant Ojelade, a Physician's Assistant. He claims that Defendant Ojelade recognized his difficulty, told him it would get worse but refused to give him a low bunk permit.

Plaintiff claims that on an unidentified date, he fell and injured his knee while trying to climb onto the top bunk.

On August 14, 2016 and August 17, 2016, Plaintiff submitted medical request slips to be seen for his back and knee pain. He claims that Dr. Tilden refused to see him and that his condition deteriorated. On an unidentified date, Plaintiff was given a direct order to climb to the top bunk. When he was physically unable to do so, he was sent to segregation. Dr. Tilden eventually issued a top bunk permit but refused to treat the back injury. Plaintiff claims that, as a result of Defendant Ojelade and Tilden's refusal to issue a low bunk permit, he was often forced to sleep on the floor or toilet.

It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Snipes v DeTella*, 95 F3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). A claim does not rise to the level of an Eighth Amendment issue, however, unless the defendant "actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir.1996). Here, it appears that Defendants allegedly knew of an impending harm in Plaintiff's inability to access the top bunk and failed to easily prevent it by issuing a low bunk permit. This refusal allegedly resulting in Plaintiff falling, injuring his knee and further injuring his back. Plaintiff pleads a colorable deliberate indifference claim for Defendant Ojelade's refusal to provide him a low bunk permit and Defendant Tilden's refusal to provide the permit and treat his knee and back injuries.

Plaintiff claims that he wrote several grievances which he marked "emergency" but which Warden Melvin denied as emergencies. Plaintiff attempts to impute deliberate indifference to Warden Melvin based on this denial. It is well established, however, that "the alleged mishandling of grievances by persons who otherwise did not cause or participate in the

2

underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). Defendant Melvin is DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed against Defendants Tilden and Ojelade for deliberate indifference to Plaintiff's serious medical needs. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendant Michael P. Melvin is DISMISSED.

2. Plaintiff files [21], a motion for recruitment of *pro bono* counsel. The Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court can do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). In determining whether the Court should attempt to find an attorney to voluntarily take a case, the question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty. *Pruitt* at 655. Here, plaintiff alleges deliberate in difference for the failure to issue a low bunk permit and treat his knee and back pain. These issues are not complex and involve facts of which Plaintiff has direct, personal knowledge. [21] is DENIED. Plaintiff's previously filed motion for recruitment of counsel [4] is MOOT.

3. Plaintiff files [8], indicating that Pontiac was on lockdown and he could not access his legal boxes. He requests a Court order allowing access. This, the Court will not do. If, however, Plaintiff is impeded in meeting a deadline, he may request an extension of time in which to comply. [8] is DENIED. Plaintiff files [10], a motion to suspend proceedings and a

subsequently filed [12], motion to resume proceedings. [12] is GRANTED as [10] is rendered MOOT.

    4.    Plaintiff files [13] a renewed petition to proceed *in forma pauperis*. Plaintiff has, however, already paid the filing fee. *See* docket entry of June 19, 2007. [13] is DENIED. Plaintiff's motions for status [15 and 18], are rendered MOOT by this order. Plaintiff files [19], requesting leave to amend his complaint but does not include a proposed amended complaint. [19] is DENIED, with leave to reassert.

    5.    Plaintiff files [20], a motion to compel which is actually a request for an injunction ordering that he be provided the requested heath care. He also files [22], requesting that the Court order Pontiac to issue him an alternate cuffing permit which Defendant Ojelade allegedly did not renew the permit as an act of retaliation. Plaintiff claims that without the permit his health will be in jeopardy, without further explanation. The Seventh Circuit has repeatedly stated that a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc*., 549 F.3d 1079, 1085 (7th Cir. 2008). A party seeking the injunction has the burden to prove that he will suffer irreparable harm during the time prior to final resolution of his claims, the inadequacy of legal remedies available, and some likelihood of success on the merits. *Ty, Inc. v. Jones Group, Inc*., 237 F.3d 891, 895 (7th Cir. 2001). Here, Plaintiff does not establish that he will suffer irreparable harm if a preliminary injunction is denied. [20] and [22] are DENIED.

    6.    The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

7. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

9. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

10. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

11. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

12. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED:11/1/2017

                                          _____s/Joe Billy McDade_____
                                               JOE BILLY McDADE
                                       UNITED STATES DISTRICT JUDGE